```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - X
UNITED STATES OF AMERICA        :

     -v.-                       :     S3 07 Cr. 354 (JSR)

MONZER AL KASSAR,               :
     a/k/a "Abu Munawar,"
     a/k/a "El Taous,"          :
TAREQ MOUSA AL GHAZI, and
LUIS FELIPE MORENO GODOY,       :

                                :
               Defendants.
                                :
- - - - - - - - - - - - - - - - X
```

PROTECTIVE ORDER

WHEREAS this matter comes before the Court upon the Government's motion for a Protective Order to prevent the unauthorized disclosure or dissemination of classified national security information and documents belonging to the United States Government which may be reviewed by, made available to, or is or may otherwise come to be in the possession of the defendants and defense counsel in this case, and

WHEREAS the Government personnel in this case, including Assistant United States Attorneys Boyd M. Johnson III, Leslie C. Brown, and Brendan R. McGuire, who have had, and will have, access to national security information and documents relating to this case have "Top Secret/Sensitive Compartmented Information" ("SCI") security clearances, and

WHEREAS the Government maintains and has access to storage facilities necessary for the storage, maintenance, and handling of "Confidential," "Secret" and "Top Secret" national security information and documents, as well as material additionally controlled as SCI, and

WHEREAS the national security information in this case may be classified at the "Confidential," "Secret" and "Top Secret" levels, or additionally controlled as "SCI,"

IT IS HEREBY ORDERED AND ADJUDGED that, pursuant to the authority granted under Sections 3 and 9 of the Classified Information Procedures Act, 18 U.S.C. App. III ("CIPA"), the Security Procedures Established Pursuant to Pub. L. No. 96-456, 94 Stat. 2025, by the Chief Justice of the United States for the Protection of Classified Information (the "Security Procedures") (reprinted following CIPA § 9), Rules 16(d) and 57 of the Federal Rules of Criminal Procedure, and the general supervisory authority of the Court, and to protect the national security, the following Protective Order is entered.

1. The Court finds that this case involves information that has been classified in the interest of the national security of the United States pursuant to Executive Order 12958, as amended.[1] The storage, handling, and control of

---

[1] Executive Order 12958 was amended by Executive Order 13292. See Exec. Order No. 13292, 68 Fed. Reg. 15315 (Mar. 28, 2003).

this information will require special security precautions mandated by statute, executive order, and regulation, and access to which requires the appropriate security clearances and a "need to know," as defined in section 6.1(z) of Executive Order 12958.[1]

2. The purpose of this Order is to establish the procedures that must be followed by all defense counsel of record, the defendants, all other counsel involved in this case, translators for the defense, any other persons retained by the defense, any Court personnel, and all other individuals who receive access to classified national security information or documents in connection with this case.

3. The procedures set forth in this Protective Order, the Security Procedures, and CIPA will apply to all pre-trial, trial, post-trial, and appellate aspects concerning this case, and may be modified from time to time by further order of the Court acting under Rule 16(d) of the Federal Rules of Criminal Procedure, Sections 3 and 9 of CIPA, and its inherent supervisory authority to ensure a fair and expeditious trial.

4. As used herein, the terms "classified national security information and documents," "classified information," and "classified documents" refer to:

---

[1] All citations to Exec. Order No. 12958 are to the Order as amended by Exec. Order No. 13292. See Exec. Order No. 12,958, 3 C.F.R. 333 (1995), reprinted as amended in 50 U.S.C.A. § 435 note at 180 (Supp. 2007).

    a. any document or information which has been classified by any Executive Branch agency in the interests of national security, or pursuant to Executive Order 12958, as amended, or its predecessor orders, as "CONFIDENTIAL," "SECRET," or "TOP SECRET," or additionally controlled as "SENSITIVE COMPARTMENTED INFORMATION (SCI)," or any information contained in such a document;

    b. any document or information, regardless of its physical form or characteristics, now or formerly in the possession of a private party, which has been derived from United States government information that was classified, regardless whether such document or information has subsequently been classified by the government pursuant to Executive Order 12958, as amended by Executive Order 13292, or predecessor Orders as "CONFIDENTIAL," "SECRET," or "TOP SECRET" or additionally controlled as "SENSITIVE COMPARTMENTED INFORMATION (SCI)";

    c. verbal information known to the defendants, defense counsel, or any person retained by defense counsel, as containing classified information as defined herein;

    d. any information, regardless of place or origin and including "foreign government information" as that term is defined in Executive Order 12958, as amended, or its predecessor orders, that defense counsel reasonably believes to contain classified information; and

    e. any document or information as to which the Government has provided notice that such document or information contains classified information.

  5. As used herein, the terms "document" or "information" include, but are not limited to, all written or printed matter of any kind, formal or informal, including originals, all identical or conforming copies, and all non-identical or non-conforming copies (whether different from the original by reason of any notation made on such copies or otherwise), including, without limitation:

    a. pleadings; orders; papers; correspondence; memoranda; notes; letters; reports; summaries; inter-office and intra-office communications; notations of any sort concerning conversations, meetings or other communications; teletypes, telegrams, and faxes; invoices; worksheets; and all drafts, alterations, modifications, changes, and amendments of any kind of the foregoing;

    b. graphic or aural records or representations of any kind, including, without limitation, photographs, maps, charts, graphs, microfiches, microfilm, video tapes, sound recording of any kind, motion pictures;

    c. electronic, mechanical, or electric records or representations of any kind, including, without limitation,

tapes, cassettes, disks, recordings, films, typewriter or correcting ribbons, computer tapes or disks, CD-ROMs, DVDs, and all manner of electronic data storage; and

        d.   information acquired aurally.

    6.   Information in the public domain is ordinarily unclassified. However, if classified information is reported in the media or otherwise enters the public domain, the information does not lose its classified status merely because it is in the public domain. Information reported in the media or otherwise in the public domain may be considered classified and subject to the provisions of CIPA if the information in fact remains classified and is confirmed by any person who has, or has had, such access to classified information and that confirmation corroborates the information in question. Accordingly, any attempt by the defense to have classified information that has been reported in the public domain confirmed or denied at trial or in any public proceeding in this case shall be governed by CIPA and all provisions of this Order.

    7.   All classified documents and information contained therein shall remain classified unless the documents bear a clear indication that they have been declassified by the agency or department that originated the documents or information contained therein.

8. Any information that is obtained by the defense, other than information produced to the defense by the Government counsel during discovery in this case, that may fall under one of the definitions of classified information outlined in paragraphs 4(a)-(e) above, and which the defense seeks to use in the course of this litigation, must be brought to the attention of the Court Security Officer or Government counsel. If such information is confirmed as being classified by the Court Security Officer or Government counsel, any attempt by the defense to use that information at trial or in any public proceeding in this case shall be governed by CIPA and all provisions of this Protective Order.

9. In accordance with the provisions of CIPA and the Security procedures promulgated by the Chief Justice of the United States pursuant to that Act, this Court appoints Michael P. Macisso as the Court Security Officer (hereinafter ("CSO") who will provide security arrangements necessary to protect from unauthorized disclosure any classified information or document made available to the defense or the Court in connection with this case. The Court also appoints Joan B. Kennedy, Christine E. Gunning, James P. Londergan, Barbara J. Russell, Nathaniel Johnson, Miguel Ferrer, Jennifer H. Campbell, Daniel O. Hartenstine, Charline Dasilva, and Erin Hogarty as alternate

CSOs. Defense counsel and Court personnel shall seek guidance from the CSO with regard to appropriate storage, handling, transmittal, and use of classified information.

      10. If deemed necessary by the CSO or the Government, the CSO shall arrange for and maintain an appropriately approved secure area for the use of defense counsel. "Secure area" means a sensitive compartmented information facility ("SCIF") accredited by a Court Security Officer for the storage, handling, and control of classified information. The Court Security Officer shall establish procedures to assure that the secure area is accessible to defense counsel during business hours and at other times upon reasonable request as approved by the Court Security Officer. The secure area shall contain a separate working area for defense counsel and will be outfitted with any secure word processing equipment requested by the defense that is reasonable and necessary to the preparation of the defense. The Court Security Officer, in consultation with defense counsel, shall establish procedures to assure that the secure area may be maintained and operated in the most efficient manner consistent with the protection of classified information. The Court Security Officer shall not reveal to the Government the content of any conversations he or she may hear among the defense, nor reveal the nature of the documents being reviewed or the work

being generated. The presence of the Court Security Officer shall not operate to render inapplicable the privilege for attorney-client communications.

    11. No defendant, counsel for a defendant, employee of counsel for a defendant, person retained by counsel for a defendant, or defense witness shall have access to any classified information involved in this case unless that person shall first have:

    a. received the necessary security clearance as determined by the Department of Justice Security Officer working in conjunction with the CSO, or approval from the Government for access to the particular classified information in question;

    b. a need to know; and

    c. signed the Memorandum of Understanding in the form attached hereto agreeing to comply with the terms of this Order.

    12. Pursuant to Section 4 of the Security Procedures, no court personnel (except for the Judge) required by this Court for its assistance shall have access to any classified information involved in this case unless that person shall first have received the necessary security clearance as determined by the Department of Justice Security Officer.

13. Standard Form 86, "Questionnaire for National Security Positions," attached releases, and full fingerprints shall be completed and submitted to the CSO forthwith by all defense counsel not otherwise already cleared, all persons whose assistance the defense reasonably requires, and by such courtroom personnel as the Court requires for its assistance. The CSO shall undertake all reasonable steps to process all security clearance applications in accordance with applicable regulations.

14. Prior security clearance and a "need to know" as determined by any Government entity as applying to one person does not give that person the authority to disclose any classified national security documents or information to any other individual. By way of example, but not limitation, defense counsel with appropriate clearances and a "need to know," as determined by the Government, are not authorized to discuss or otherwise disclose such classified information with an uncleared defendant absent written permission of the Government.

15. If they have obtained the appropriate clearances, have a need to know, and have executed a copy of the Memorandum of Understanding attached hereto, the defendants, their counsel, and any employees or agents of defense counsel, or cleared witnesses accompanied by defense counsel shall have access to classified information only as follows:

   a. All classified information produced by the Government to the defense in discovery or otherwise, and all classified information possessed, created, or maintained by the defense, shall be stored, maintained and used only in the secure area established by the Court Security Officer. No classified information shall be maintained by the defense in any other place other than the secure area established by the Court Security Officer.

   b. The defendants and their counsel shall have free access to the classified information made available to them in the secure area established by the Court Security Officer and shall be allowed to take notes and prepare documents with respect to those materials.

   c. No person, including the defense counsel, shall copy or reproduce any classified information in any manner or form, except with the approval of the Court Security Officer or in accordance with the procedures established by the Court Security Officer for the operation of the secure area.

   d. All documents prepared by the defense (including, without limitation, pleadings or other documents intended for filing with the Court) that do or may contain classified information must be prepared in a secure area on word processing equipment approved by the Court Security Officer. All such documents and any associated materials (such as notes,

drafts, copies, typewriter ribbons, magnetic recordings, exhibits) containing classified information shall be maintained in the secure area unless and until the Court Security Officer determines that those documents or associated materials are unclassified in their entirety. None of these materials shall be disclosed to counsel for the United States.

      e. The defense shall discuss classified information only with other cleared persons and only in the secure area or in an area authorized by the Court Security Officer.

      f. The defense shall not disclose, without prior approval of the Court, the contents of any classified documents or information to any person not named in this Order except the Court, Court personnel, and the attorneys for the United States identified by the Court Security Officer as having the appropriate clearances and the need to know. Counsel for the United States shall be given an opportunity to be heard in response to any defense request for disclosure to a person not named in this Order. Any person approved by the Court for disclosure under this paragraph shall be required to obtain the appropriate security clearance, to sign and submit to the Court the Memorandum of Understanding appended to the Order, and to comply with all the terms and conditions of the Order. If

preparation of the defense requires that classified information be disclosed to persons not named in this Order, the Department of Justice shall promptly seek to obtain security clearances for them at the request of defense counsel.

g. The defense, including defendants, their counsel, and any other later-cleared employees, agents, or defense witnesses, shall not discuss classified information over any standard commercial telephone instrument, cellular telephone, or office intercommunication systems, including but not limited to the Internet, or in the presence of any person who has not been granted access by the Court to classified information.

h. Any documents written by the defense that do or may contain classified information shall be transcribed, recorded, typed, duplicated, copied, or otherwise prepared only by persons who have received an appropriate approval for access to classified information.

i. If counsel for the Government advises defense counsel that certain classified information or documents may not be disclosed to the defendants, then defense counsel shall not disclose such information or documents to the defendants without prior concurrence of counsel for the Government or, absent such concurrence, approval of the Court. Counsel for the Government shall be given an opportunity to be heard in response to any

defense request for the disclosure to the defendants of such classified information.

16. The substitution, departure, or removal for any reason from this case of any defense counsel, defendant, or anyone associated with the defense as a witness or otherwise shall not release that individual from the provisions of this Order or any form or document executed in connection with this Order. Because classified information remains the property of the United States Government, the persons covered in this order are bound by any subsequent conditions imposed on the classified information or documents, even if more restrictive.

17. All written pleadings, filings, attachments, or documents involving classified information, or those which reasonably might cause the disclosure of classified information, or which concern or relate to national security or intelligence matters shall not be publicly filed, but shall be filed under seal with the CSO or designee and shall be marked: "Filed in Camera and Under Seal with the Court Security Officer," with separate service of copies upon counsel for the Government (except in the event of an ex parte application), provided that the materials be transported by, and delivered to, persons known to have the appropriate security clearance. The date and time of physical submission to the CSO shall be considered the date and

time of the filing. The Court Security Officer shall promptly examine the pleading or document and, in consultation with representatives of the appropriate agencies, determine whether the pleading or document contains classified information. If the Court Security Officer determines that the pleading or document contains classified information, he or she shall ensure that the portion of the document containing classified information, and only that portion, is marked with the appropriate classification marking and remains under seal. All portions of all paper filed by the defendants that do not contain classified information shall be unsealed by the Court Security Officer and placed in the public record. The Court Security Officer shall deliver under seal to the Court and counsel for the United States any pleading or document to be filed by the defendants that contains classified information. The Court shall then direct the clerk to enter on the docket sheet the title of the pleading or document, the date it was filed, and the fact that it has been filed under seal with the Court Security Officer.

   18. Any pleading or other document filed by the Government containing classified information shall be filed under seal with the Court through the CSO or a designee. Such pleadings and documents shall be marked, "Filed Under Seal with the Court Security Officer." The date and time of physical

submission to the CSO shall be considered the date and time of the filing.

19. The CSO shall maintain a separate sealed record for those materials which are classified. The CSO shall be responsible for the maintaining of the secured record for purposes of later proceedings or appeals.

20. Any unauthorized disclosure of classified information may constitute a violation of United States criminal laws. In addition, any violation of the terms of this Order shall be brought immediately to the attention of this Court and may result in a charge of contempt of court and possible referral for criminal prosecution. Any breach of this Order may also result in the termination of a person's access to classified information. Persons subject to this Order are advised that direct or indirect unauthorized disclosure, retention, or negligent handling of classified documents or information could cause serious damage, and, in some cases, exceptionally grave damage to the national security of the United States, or may be used to the advantage of a foreign nation against the interests of the United States. This Protective Order is to ensure that those persons authorized to receive classified information in connection with this case will never divulge the classified information disclosed to them to anyone who is not authorized to

receive it, without prior written authorization from the originating agency and in conformity with this Protective Order. Nothing in this Protective Order shall be construed to limit the Government's ability to enforce the criminal laws related to the unauthorized disclosure of classified information.

21. All classified documents and information to which the defense (including the defendants, counsel for the defendants, anyone retained by counsel for the defendants, and any later-cleared employee of counsel for the defendants, or cleared defense witness) has access in this case is now and will remain the property of the United States government. The defendants, defense counsel, later-cleared defense counsel employees or agents, and cleared defense witnesses shall return all classified information in their possession obtained through discovery from the Government in this case upon demand by the CSO. Any notes, summaries, and other documents prepared by the defense that do or may contain classified information shall remain at all times in the custody of the CSO for the duration of this case. At the conclusion of this case, all such notes, summaries, and other documents are to be destroyed by the CSO in the presence of defense counsel.

22. A copy of this Protective Order shall issue forthwith to defense counsel named herein, who shall be

responsible for advising the defendants, defense counsel employees or agents, and defense witnesses of the contents of this Protective Order. The defendants, defense counsel, court personnel and any other individuals who will be provided access to classified information shall execute the Memorandum of Understanding appended to this Protective Order, and defense counsel shall file executed originals with the Court and the CSO, and serve executed originals upon the Government. The execution and filing of the Memorandum of Understanding are conditions precedent for the defendants, defense counsel, or any other person assisting the defense to have access to classified information in this case.

Dated:    July 7, 2008

                                        SO ORDERED:

                                        _____
                                        HON. JED S. RAKOFF
                                        United States District Judge
                                        Southern District of New York