```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
UNITED STATES OF AMERICA              :
                                      :
            -v-                       :   S3 07 CR 354(JSR)
                                      :
TAREQ MOUSA AL GHAZI,                 :   MEMORANDUM ORDER
                                      :
            Defendant.                :
------------------------------------- x
```

JED S. RAKOFF, U.S.D.J.

On March 17, 2009, following a two-week jury trial, defendant Tareq Mousa al Ghazi was convicted on Counts Two, Three, and Four of the Indictment, which charged defendant, respectively, with (1) conspiring to kill officers and employees of the United States in violation of 18 U.S.C. § 1114; (2) conspiring to acquire and use anti-aircraft missiles in violation of 18 U.S.C. § 2332(g)(a)(1); and (3) conspiring to provide material support or resources to a foreign terrorist organization, namely, the FARC, in violation of 18 U.S.C. § 2339B(a)(1).  On April 17, 2009, defendant filed the instant motion to set aside the jury's verdict, or, alternatively, for a new trial.  Upon consideration, defendant's motion is denied.

First, defendant argues that the evidence presented at trial was legally insufficient to prove his guilt on Counts Two, Three, and Four.  Pursuant to Fed. R. Crim. P. 29, a district court may set aside a guilty verdict only upon a finding that "the evidence [was] insufficient to sustain a conviction."  Fed. R. Crim. P. 29.  A defendant making an insufficiency claim "bears a very heavy burden," United States v. Desena, 287 F.3d 170, 177 (2d Cir. 2002), and a jury's verdict must be upheld if any "rational trier of fact could

have found the essential elements of the crime beyond a reasonable doubt."  United States v. Autuori, 212 F.3d 105, 114 (2d Cir. 2000) (citation and quotation omitted).  When considering Rule 29 motions, a court must "view[] all of the evidence in the light most favorable to the government," United States v. Aleskerova, 300 F.3d 286, 292 (2d Cir. 2002), and "resolve all issues of credibility in favor of the jury's verdict."  Desena, 287 F.3d at 177 (citation omitted).  In the context of Rule 29 motions, "[p]ieces of evidence must be viewed not in isolation but in conjunction," United States v. Matthews, 20 F.3d 538, 548 (2d Cir. 1994), and courts must be "mindful that the task of choosing among permissible competing inferences is for the jury, not a reviewing court."  United States v. Florez, 447 F.3d 145, 155 (2d Cir. 2006).

Here, the evidence presented at trial, viewed in the light most favorable to the Government, was more than sufficient to support the jury's verdict as to all three counts.

As to Count Two, the evidence — including defendant's confession, the testimony of DEA informants, the recorded meetings, and the documents recovered from a search of the estate of Monzer al Kassar, defendant's co-conspirator — was more than sufficient for a reasonable juror to conclude that defendant intentionally joined a conspiracy with the purpose of killing officers and employees of the United States.  Defendant argues that he had "no interest in the arms deal aside from the sale of the rifles," Def. Mem. at 12-13, thus negating intent with respect to Count Two.  It is well established,

however, that "where there is evidence that the defendant had knowledge of the conspiracy <u>and</u> knowingly took actions advancing the conspiracy's aims," a jury is permitted "'to infer intent and agreement from knowledge,' particularly in the context of the defendant's 'interested cooperation, stimulation, and instigation,' or when the defendant has a 'stake in the venture.'" <u>United States v. Santos</u>, 541 F.3d 63, 72 (2d Cir. 2008) (citations omitted) (emphasis in original).  Here, given defendant's confession, the financial stake that defendant had in the deal, and the numerous actions that defendant took to advance the conspiracy's aims, it was perfectly appropriate for the jury to infer defendant's intent to join the conspiracy charged in Count Two.  Defendant's contention that he "played no role in advancing the agreement," Def. Mem. at 13, is similarly belied by the evidence offered at trial.

The evidence likewise supports the jury's finding that defendant knowingly participated in a conspiracy to acquire and use anti-aircraft missiles as charged in Count Three.  Defendant's confession established not only that he knew that surface-to-air missiles were included in the FARC weapons deal, but also that he knew that the FARC intended to use those missiles to destroy American helicopters and pilots.  Defendant's knowledge was corroborated and confirmed by the recorded meetings involving defendant and his co-conspirators, and the Government introduced evidence demonstrating that defendant, with such knowledge and with a financial stake in the venture, took a number of voluntary, deliberate actions to advance

3

the weapons deal.  Viewed together and in context, such evidence is more than sufficient to support the jury's guilty verdict on Count Three.

Similarly, as to Count Four, the evidence was more than sufficient for a reasonable juror to conclude that defendant intentionally joined a conspiracy with the purpose of providing material support to the FARC.  Defendant's confession, the testimony of DEA informants, and the recorded meetings all established that defendant knew that the weapons were going to the FARC to be used for terrorist activity, and that defendant desired to profit from the deal.  Such evidence, together with defendant's voluntary, deliberate actions to advance the deal, amply supports the jury's guilty verdict on Count Four.

Accordingly, for all of the foregoing reasons, and for the reasons previously stated at the close of the Government's case, see transcript 3/12/09, defendant's Rule 29 motion is hereby denied.

<u>Second</u>, defendant argues, in the alternative, for a new trial pursuant to Fed. R. Crim. P. 33, which allows for a new trial "if the interest of justice so require."  Fed. R. Crim. P. 33.  Motions for a new trial "are disfavored in this Circuit," however, <u>United States v. Gambino</u>, 59 F.3d 353, 364 (2d Cir. 1995), and are thus granted only in "the most extraordinary circumstances," such as when there is "a real concern that an innocent person may have been convicted." <u>United States v. Sanchez</u>, 969 F.2d 1409, 1414 (2d Cir. 1992).  In ruling on such a motion, the ultimate question is whether there is "competent, satisfactory and sufficient evidence" to support the

jury's finding of guilt beyond a reasonable doubt.  <u>Id.</u>

Here, as noted, the evidence presented at trial was more than sufficient to establish defendant's guilt on each of the three counts of conviction.  Further, defendant was given the opportunity to present an entrapment defense, a defense that the jury ultimately rejected.  Accordingly, since there is no basis for the suggestion that the jury's verdict constituted a manifest injustice, defendant's Rule 33 motion must be denied.

Finally, defendant seeks to reargue three claims that he made — and which the Court rejected — in his pre-trial motion to dismiss the Indictment, contending that (1) the Government was so deeply involved in the creation of the charged offenses that it violated defendant's Fifth Amendment right to due process; (2) there was an insufficient nexus between defendant and the United States; and (3) defendant lacked "fair warning" that his conduct violated United States law.  Rule 29, however, only authorizes motions challenging the sufficiency of the evidence presented at trial.  Fed. R. Crim. P. 29; <u>see</u> <u>United States v. McDaniel</u>, No. 03 CR. 550, 2004 WL 1057627, at *1 (S.D.N.Y. May 10, 2004).  Defendant's previously rejected arguments thus exceed the proper scope of Rule 29, and his motion is properly denied on that basis alone.

Even on the merits, defendant's arguments, at most, amount to a motion for reconsideration of the Court's pre-trial Order denying defendant's motion to dismiss the Indictment.  Such motions "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other

words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); S.D.N.Y. Local Civil Rule 6.3 (motions for reconsideration must include "a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked"). Here, defendant has failed to point to any controlling decision or piece of evidence presented at trial that merits reconsideration of the Court's previous rulings. Accordingly, for the reasons previously stated, see 10/14/08 Memorandum, defendant's motion is denied.

    The Court has considered defendant's remaining arguments, and finds them without merit. The Clerk of the Court is hereby directed to close document numbers 113 and 130 on the Court's docket.

    SO ORDERED.

                                              JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       June 5, 2009